Filed 9/9/20  P. v. Long CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074666 |
| v. | (Super.Ct.No. RIF101470) |
| CHRISTOPHER MICHAEL LONG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Nancy Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In April 2005, defendant and appellant Christopher Michael Long, along with his friend Terry Bell and Terry's girlfriend, Natalie DeMola, were convicted of murder in the first degree after the trio conspired to beat DeMola's mother to death.  Defendant was 17

1

years old at the time of the crime. Defendant was sentenced to a term of 25 years to life in state prison. He appealed to this court, and we affirmed. (*People v. Bell* (June 8, 2007, E038574) [nonpub. opn.].)[1]

In 2018, the Legislature enacted Penal Code section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), a provision that authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced. On February 22, 2019, defendant filed a section 1170.95 petition for resentencing. Defendant's case was called on February 7, 2020. Defendant was not present but was represented by counsel. The People moved to dismiss the petition on the grounds that defendant's conviction did not come within section 1170.95. The trial court granted the motion and denied the petition. Defendant appealed.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth a statement of the case, summary of the facts, and two potential arguable issues: (1) was defendant found guilty of felony murder or murder by natural and probable consequences and, if not, whether section 1170.95 applies; and (2) did the trial court err when it conducted a hearing on defendant's section 1170.95 petition when defendant was not present and no waiver of his presence was obtained.

---

[1] We granted defendant's request to take judicial notice of our opinion issued in the direct appeal. (*People v. Bell*, *supra*, E038574.)

2

In a recent case, *People v. Cole*, Division Two of the Second District held that the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment, not to cases like the present one in which the appeal is from a denial of postconviction relief. (*People v. Cole* (August 3, 2020, B304328) ___ Cal.App.5th ___ [2020 Cal.App. Lexis 717, pp. 8-9].) That court nevertheless exercised its inherent supervisory powers to control the proceedings before it to permit the defendant to file a supplemental brief and to dismiss the case when he failed to do so. (*Id.* at pp. 11, 19-24.)

We exercise our inherent supervisory authority to apply the *Wende* procedures to post-judgment appeals. (*Wende*, *supra*, 25 Cal.3d at pp. 438, 442-443.) That is, we require appointed appellate counsel to review the record and, if unable to find a reasonably arguable issue, to file a no-issues brief setting forth the facts and applicable law. Upon receipt of the no-issues brief, we provide defendant an opportunity to file a personal supplemental brief, and we conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106. In this case, appointed appellate counsel filed a no-issues brief. We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We conducted an independent review of the record and found no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                                          P. J.

I concur:

CODRINGTON_____
                            J.

4

[*People v. Long*, E074666]

RAPHAEL, J., Dissenting.

We should simply dismiss this appeal, where the appellant raises no issues.

If this were a direct appeal from a criminal conviction, we would review the record ourselves to determine whether there are any arguable issues, even if the defendant or his lawyer raised none. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Some such review is required by the United States Constitution. (*Anders v. California* (1967) 386 U.S. 738.)

There is no such constitutional requirement for appeals from postconviction rulings. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 554-555.) Accordingly, our Supreme Court has held the *Wende* procedures "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right." (*In re Sade C.* (1996) 13 Cal.4th 952, 986.)

Consequently, the prevalent rule in our Court of Appeal, as articulated in a case cited hundreds of times in less than eight years, is to dismiss an appeal "as abandoned" when a defendant appeals from a postconviction order but raises no issues. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 504.) This was the rule applied by the recent case that the majority cites. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040 ["we dismiss this appeal as abandoned"].)

We receive many postconviction appeals. If we were to articulate a principled reason to independently review the record as to some subset of those, I might join in that endeavor. But I do not think we should depart from the prevalent rule ad hoc, exercising

1

our supervisory powers to review the record for one defendant in one postconviction context but not for another defendant in another such context.

Because neither appellant's counsel nor appellant raised any issues, we should dismiss the appeal as abandoned.  (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.)  I therefore respectfully dissent.

RAPHAEL           
J.